# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

No. 14-50690
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS PEREZ-PEREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1370-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Perez-Perez challenges his 27-month sentence, imposed for his conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. The sentence falls within the advisory sentencing range based on the Sentencing Guidelines.

Perez contests the substantive reasonableness of his sentence, claiming it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

§ 3553(a).  Along that line, he claims the court:  failed to account for his personal circumstances and those for his offense, maintaining he returned to the United States to earn income for his family in Mexico; and erred in applying Guideline § 2L1.2 (illegal-reentry Guideline) because it double-counts his prior conviction, and fails to account for the nonviolent nature of his offense, which, he classes as merely an "international trespass."

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Although Perez challenges the application of the presumption of reasonableness as applied to his within-Guidelines sentence under § 2L1.2, he acknowledges the issue is foreclosed and raises it only to preserve it for possible future review.  *E.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 366–367 (5th Cir. 2009).  Our court has likewise rejected his "double-counting" claim, *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009), and "international trespass" claim, *United States v. Juarez-Duarte,* 513 F.3d 204, 212 (5th Cir. 2008).

After considering the reasons Perez advanced for a sentence below the advisory Guidelines sentencing range, the court found a sentence within that range was appropriate.  His contentions amount to a disagreement with the court's weighing of the § 3553(a) sentencing factors, and, therefore, do not

No. 14-50690

rebut the presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.